UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISA MAYS, *et al.*,

    Plaintiffs,

v

GOVERNOR RICK SNYDER, in his official capacity, *et al.*,

    Defendants.

No. 5:15-cv-14002-JCO-MKM

HON. JOHN CORBETT O'MEARA

MAG. MONA K. MAJZOUB

_____/

**STATE DEFENDANTS' E.D. MICH. LR 83.11(b)(7)(D) MOTION TO REASSIGN COMPANION CASE**

**ORAL ARGUMENT REQUESTED**

State Defendants (State of Michigan, Governor Rick Snyder, Andy Dillon, and Nick Lyon) respectfully move this Court to reassign *Guertin v. Michigan,* No. 16-12412, currently pending before Judge Judith E. Levy to Your Honor as a companion case under E.D. Mich. LR 83.11(b)(7)(D). A similar motion to reassign is being filed in *Guertin.*

As set forth more fully in the accompanying brief, the requirements of E.D. Mich. LR 83.11(b)(7)(D) to reassign the *Guertin* case as a companion case have been met. Accordingly, in the interest of

judicial economy and to avoid the unnecessary expense of duplicate litigation, State Defendants respectfully request *Guertin* be reassigned.

Pursuant to E.D. Mich. LR 7.1(a), on November 16, 2016, State Defendants contacted all other parties to this case by email and asked them to concur to the reassignment. The City Defendants concur. The MDEQ Defendants do not concur. The remaining defendants and the plaintiffs did not respond.

Respectfully submitted,

/s/ Margaret A. Bettenhausen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| for Governor Richard D. Snyder | Assistant Attorneys General |
| Barris, Sott, Denn & Driker, PLLC. | Environment, Natural Resources, and Agriculture Division |
| 333 W. Fort Street, Suite 1200 | Attorneys for State Defendants |
| Detroit, Michigan 48226 | 525 W. Ottawa Street |
| Phone: (313) 965-9725 | P.O. Box 30755 |
| EDriker@bsdd.com | Lansing, MI 48909 |
| MWitus@bsdd.com | Phone: (517) 373-7540 |
| TMendel@bsdd.com | Fax: (517) 373-1610 |
| | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| Dated: November 17, 2016 | larsenz@michigan.gov |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISA MAYS, *et al.*,

    Plaintiffs,

v

GOVERNOR RICK SNYDER, in his official capacity, *et al.*,

    Defendants.

No. 5:15-cv-14002-JCO-MKM

HON. JOHN CORBETT O'MEARA

MAG. MONA K. MAJZOUB

_____/

**BRIEF IN SUPPORT OF STATE DEFENDANTS' E.D. MICH. LR 83.11(b)(7)(D) MOTION TO REASSIGN COMPANION CASE**

Case assignment and reassignment are governed by the Local Rules. These rules are intended to promote docket efficiency as well as fairness and integrity within the system. They are also intended to avoid the unnecessary expense of duplicate litigation and the possibility of inconsistent results.

E.D. Mich. LR 83.11(b)(7)(D) states that when a judge realizes that a case before him or her is a companion case of one previously assigned to another judge, if both judges consent, the case should be reassigned. Specifically, the Local Rule states:

> When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

Under this language, only when a case qualifies as a companion case may the two judges agree to reassign the newer matter to the judge who was assigned the earlier, companion matter. For purposes relevant to this motion, the Local Rules define a companion case as one in which it appears either that "substantially similar evidence will be offered at trial," or that "the same or related parties are present and the cases arise out of the same transaction or occurrence." 83.11(b)(7)(A)(i)&(ii).

E.D. Mich. LR 3.1(a) promotes the timely reassignment of companion cases by requiring plaintiffs, when filing their complaint, to notify the Court of any related cases. Plaintiffs can do this in one of two ways, either by filing a civil coversheet that includes a section on related cases or by providing the information in another manner. *Id.* Plaintiffs failed to do so here.

## ARGUMENT

Plaintiffs in *Guertin v. Michigan,* No. 16-12412 filed their complaint on June 27, 2016. There are three reasons that case should

2

be reassigned as a companion case to a number of cases currently pending before Your Honor.

**First**, it arises out of the same transaction or occurrence as eight (8) other lawsuits pending before Your Honor, seven (7) of which were filed before *Guertin v. Michigan,* No. 16-12412. Plaintiffs' over-arching claim in *Guertin* is that they were harmed as a result of the City of Flint's decision to switch drinking water sources to the Flint River and a concomitant failure to properly treat that water. (No. 16-12412, Dkt. 1, ¶¶ 85–347, ## 20–64.) The following cases pending before Your Honor arise out of these same events:

- *Mays, et al. v. Snyder, et al.*, No. 15-14002 (filed November 13, 2015 and assigned to Judge O'Meara);

- *Prince v. Kent, et al.*, No. 16-10020 (filed January 5, 2016 and reassigned to Judge O'Meara May 20, 2016);

- *Boler, et al. v. Earley, et al.*, No. 16-10323 (filed January 31, 2016 and reassigned to Judge O'Meara February 2, 2016);

- *Waid, et al. v. Snyder, et al.*, No. 16-10444 (filed February 8, 2016 and reassigned to Judge O'Meara February 11, 2016);

- *McMillian, et al. v. Snyder, et al.*, No. 16-10797 (filed March 7, 2016 and reassigned to Judge O'Meara April 19, 2016);

- *Gilcreast, et al. v. Lockwood, Andrews & Newman, P.C., et al.*, No. 16-11173 (filed March 31, 2016 and reassigned to Judge O'Meara April 12, 2016);

- *Washington v. Snyder, et al.*, No. 16-11247 (filed April 6, 2016 and reassigned to Judge O'Meara April 6, 2016);

- *Alexander, et al. v. City of Flint*, No. 16-13421 (filed September 21, 2016 and reassigned to Judge O'Meara October 19, 2016).

Although the allegations differ to some degree, the pleadings confirm that each of these lawsuits arise from the same events. Table 1 provides the paragraphs and page ID numbers for the allegations regarding the decision to switch to the Flint River and the failure to properly treat the water.

**Table 1**

| Case | Paragraph and Page ID Number |
|---|---|
| *Mays* No. 15-14002 | Dkt. 111, ¶¶ 48–121 , Page ID ## 1659–1679 |
| *Boler* No. 16-10323 | Dkt. 1, ¶¶ 18–36 , Page ID ## 12–19 |
| *Waid* No. 16-10444 | Dkt. 31, ¶¶ 75–171 , ## 620–653 |
| *McMillian* No. 16-10797 | Dkt. 50, ¶¶ 107–213, ## 625–662 |
| *Gilcreast* No. 16-11173 | Dkt. 1, ¶¶ 52–153, ## 24–59 |
| *Washington* No. 16-11247 | Dkt. 33, ¶¶ 189–506, ## 516–577 |
| *Alexander* No. 16-13421 | Dkt. 1, ¶¶ 29–132, ## 5–19 |

**Second**, *Guertin* involves the same or related parties as the cases pending before Your Honor. All of the Defendants in *Guertin* are also named defendants in at least one, if not more, of the lawsuits pending before Your Honor. Moreover, six of the lawsuits pending before Your Honor are alleged class action lawsuits (*Mays*, *Boler*, *Waid*, *McMillian*, *Gilcreast*, and *Washington*) brought on behalf of users of Flint's water system. Thus, Plaintiffs in *Guertin* are putative class members in several of the cases pending before Your Honor.

**Third**, substantially similar evidence will be offered at trial in *Guertin* as will be in the cases pending before Your Honor. This is true not only because the cases all arise from the same events and involve similar parties, but also because they involve similar, and in some cases identical, causes of action. These common causes of action include constitutional claims under 42 U.S.C. § 1983 and violations of state law. In *Guertin*, Plaintiffs have brought four constitutional claims under 42 U.S.C. § 1983: substantive and procedural due process for deprivation of a contractually created property right, substantive due process state-created danger, and substantive due process bodily integrity. In addition, they allege state-law claims for breach of

5

contract, breach of implied warranty, nuisance, trespass, unjust enrichment, negligence/professional negligence/gross negligence (against Defendant Veolia), negligence/professional negligence/gross negligence (against Defendant LAN), gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and proprietary function. The same or similar claims alleged here are also brought in one or more of the above-listed cases pending before Your Honor. *See* Table 2.

**Table 2**

| *Guertin* federal-law causes of action | Case name, paragraph, and page ID number |
|---|---|
| §1983 substantive due process deprivation of a contractually created property right | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 69–74, Page ID ## 27–28<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 652–661, Page ID ## 620–621 |
| § 1983 procedural due process deprivation of a contractually created property right | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 53–57, Page ID ## 24–25<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 662–666, Page ID ## 622–623 |
| § 1983 state-created danger | *Mays,* No. 15-14002, Dkt. 111, ¶¶ 131–141, Page ID ## 1681–1684<br>*Boler,* No. 16-10323, Dkt. 1, ¶¶ 58–63, Page ID ## 25–26<br>*Waid,* No. 16-10444, Dkt. 31, ¶¶ 225–235, Page ID ## 685–688<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 308–320, Page ID ## 691–694<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 313–323, Page ID ## 101–104 |

| § 1983 bodily integrity | *Mays,* No. 15-14002, Dkt. 111, ¶¶ 142–149, Page ID ## 1684-1685<br>*Waid,* No. 16-10444, Dkt. 31, ¶¶ 225–235, Page ID ## 685–688<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 321–335, Page ID ## 694–697<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 313–323, Page ID ## 101–104<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 624–644, Page ID ## 615–618<br>*Alexander,* No. 16-10323, Dkt. 1, ¶¶ 280–291, Page ID ## 40–42 |
|---|---|
| ***Guertin* state-law causes of action** | **Case name, paragraph, and page ID number** |
| Breach of contract | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 79–83, Page ID ## 30–32<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 608–623, Page ID ## 612–615 |
| Breach of implied warranty | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 89–93, Page ID ## 34–36<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 608–623, Page ID ## 612–615 |
| Nuisance | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 282–287, Page ID ## 693–695<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 363–368, Page ID ## 702–704<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 300–307, Page ID ## 99–100 |
| Trespass | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 288–299, Page ID ## 695–697<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 369–380, Page ID ## 704–706<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 288–299, Page ID ## 96–99 |
| Unjust enrichment | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 84–88, Page ID ## 32–34<br>*Waid,* No. 16-10444, Dkt. 31, ¶¶ 300–304, Page ID # 698 |

|  | *McMillian,* No. 16-10796, Dkt. 50, ¶¶ 381–385, Page ID # 707<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 308–312, Page ID # 101<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 678–683, Page ID ## 625–626 |
|---|---|
| Negligence/professional negligence/gross negligence | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 321–325, Page ID ## 701–702<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 408–412, Page ID ## 712–713<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 231–235, Page ID ## 84–85<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 684–719, Page ID ## 626–632 |
| Gross negligence | *Boler,* No. 16-10323, Dkt. 1, ¶¶ 102–106, Page ID ## 39–40<br>*Waid,* No. 16-10444, Dkt. 31, ¶¶ 305–310, Page ID ## 698–700<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 392–397, Page ID ## 709–710<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 236–241, Page ID ## 85–86<br>*Washington,* No. 16-11247, Dkt. 33, ¶¶ 720–735, Page ID ## 632–635<br>*Alexander,* No. 16-10323, Dkt. 1, ¶¶ 301–321, Page ID ## 43–47 |
| Intentional infliction of emotional distress | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 266–270, Page ID ## 690–691<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 347–351, Page ID ## 699–700<br>*Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 253–257, Page ID ## 89–90<br>*Alexander,* No. 16-10323, Dkt. 1, ¶¶ 322–327, Page ID # 47 |
| Negligent infliction of emotional distress | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 271–273, Page ID # 691<br>*McMillian,* No. 16-10796, Dkt. 50, ¶¶ 352–354, Page ID ## 700–701 |

|  | *Gilcreast,* No. 16-11173, Dkt. 1, ¶¶ 258–260, Page ID # 90 |
| --- | --- |
| Proprietary function | *Waid,* No. 16-10444, Dkt. 31, ¶¶ 311–320, Page ID ## 700–701 *McMillian,* No. 16-10796, Dkt. 50, ¶¶ 398–407, Page ID ## 710–712 |

Despite the notable legal and factual similarities between *Guertin* and those pending before Your Honor, Plaintiffs did not comply with E.D. Mich. LR 3.1(a)'s requirement that they provide a list of related cases when filing their complaint. This is especially troubling considering Your Honor has already issued an opinion in *Boler* dismissing the alleged class action case for lack of subject matter jurisdiction on grounds that very likely apply to many of the other companion cases that have already been transferred to you from other Judges, as well as *Guertin*. (No. 16-10323, Order of Dismissal, Dkt. 56, Page ID ## 1217–1225.) Your Honor concluded that the federal Safe Drinking Water Act precludes the plaintiffs' federal constitutional claims brought under §§ 1983 and 1985 because the crux of each of these claims is that Plaintiffs have been deprived of "safe and potable water." (No. 16-10323, Order of Dismissal, Dkt. 56, Page ID # 1223.) The same factual and legal issues are presented not only in the

9

companion cases that have already been transferred to Your Honor, but also in *Guertin*. Even if Your Honor had not issued the decision in *Boler*, reassignment would still be proper given that pending before Your Honor are fully briefed dispositive jurisdictional and substantive motions addressing similar causes of action based upon the same facts alleged in *Guertin*.

Moreover, the companion cases pending before Your Honor are also the subject of various motions to consolidate that have been fully briefed and are awaiting decision. Again, excepting one case out will further complicate what is already a complex case management situation.

State Defendants acknowledge that there is one case arising out of Flint's water contamination issues that has not been transferred to Your Honor. *Concerned Pastors for Social Action, et al v. Khouri, et al*, No. 16-10277 was filed January 27, 2016 and assigned to Judge Goldsmith who later disqualified himself, and the case was reassigned to Judge Lawson. But, unlike *Guertin*, *Concerned Pastors* differs significantly from the cases that are pending before Your Honor. For example, the claims asserted in *Concerned Pastors* arise solely under

10

the federal Safe Drinking Water Act. While some of the claims in the cases pending before Your Honor involve Safe Drinking Water Act claims, they go well beyond those causes of action to include constitutional claims under 42 U.S.C. § 1983, tort law, personal-injury, and professional negligence claims. In addition, the *Concerned Pastors* claims seek only declaratory and prospective injunctive relief, whereas the cases before Your Honor involve claims for monetary damages. And unlike the cases before Your Honor, the plaintiffs in *Concerned Pastors* include organizational plaintiffs (non-profit organizations) that are alleging claims on behalf of their respective members. Additionally, the State of Michigan defendants in *Concerned Pastors* are distinct from the State of Michigan defendants in *Guertin* and the cases before Your Honor. For these reasons, the *Concerned Pastors* case is distinctive, and thus, unlike *Guertin*, arguably not a companion case.

In the other companion cases, the judges have reassigned the cases *sua sponte*. State Defendants respectfully submit that there is no substantive or principled reason to treat *Guertin* different than all of these other companion cases.

# CONCLUSION

For the reasons stated here and in the accompanying motion, State Defendants respectfully ask that *Guertin v. Michigan,* No. 16-12412 be reassigned to Your Honor as a companion case under E.D. Mich. LR 83.11(b)(7)(D).

Respectfully submitted,

/s/ Margaret A. Bettenhausen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| for Governor Richard D. Snyder | Assistant Attorneys General |
| Barris, Sott, Denn & Driker, PLLC. | Environment, Natural Resources, and Agriculture Division |
| 333 W. Fort Street, Suite 1200 | Attorneys for State Defendants |
| Detroit, Michigan 48226 | 525 W. Ottawa Street |
| Phone: (313) 965-9725 | P.O. Box 30755 |
| EDriker@bsdd.com | Lansing, MI 48909 |
| MWitus@bsdd.com | Phone: (517) 373-7540 |
| TMendel@bsdd.com | Fax: (517) 373-1610 |
| | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| Dated: November 17, 2016 | larsenz@michigan.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

Respectfully submitted,

/s/  Margaret A. Bettenhausen

| | |
|---|---|
| Eugene Driker (P12959) | Richard S. Kuhl (P42042) |
| Morley Witus (P30895) | Margaret A. Bettenhausen (P75046) |
| Todd R. Mendel (P55447) | Nathan A. Gambill (P75506) |
| Special Assistant Attorneys General | Zachary Larsen (P72189) |
| for Governor Richard D. Snyder | Assistant Attorneys General |
| Barris, Sott, Denn & Driker, PLLC. | Environment, Natural Resources, and Agriculture Division |
| | Attorneys for State Defendants |
| 333 W. Fort Street, Suite 1200 | 525 W. Ottawa Street |
| Detroit, Michigan 48226 | P.O. Box 30755 |
| Phone: (313) 965-9725 | Lansing, MI 48909 |
| EDriker@bsdd.com | Phone: (517) 373-7540 |
| MWitus@bsdd.com | Fax: (517) 373-1610 |
| TMendel@bsdd.com | kuhlr@michigan.gov |
| | bettenhausenm@michigan.gov |
| | gambilln@michigan.gov |
| Dated:  November 17, 2016 | larsenz@michigan.gov |

S:\CEPB\ENRA Flint Water\USDC-Mays (AG#2015-0125368)\Pleading\Drafts\Motion to Reassign 2016-11-17